Case number 14-3788, James Dean Jr. v. F.P. Allega Concrete Construction Corporation. Oral argument is not to exceed 15 minutes per side. Mr. Christie v. Holland. Good morning. How are you? Good morning. Thank you, Your Honors. May it please the Court, thank you for the opportunity to address these matters with you. John Christie on behalf of F.P. Allega Concrete. There are three factors, but really they all relate to the single issue of the appropriateness of any attorney fees and the appropriate calculation of any, if any, are due. As we set forth in our brief, there are a number of factors and numbers to consider. There is a number of guidance, and counsel has suggested in their brief in opposition that some of the case law cited is not specifically on F.L.S.A. cases, and that is a fact. However, the factors as to the appropriateness and the appropriateness of the amount of the fees, I believe gives good guidance to this Court as well as to the District Court, and many of those factors were not considered addressed. You have two arguments. One is, on this record, no fees at all are permitted. And argument two is, if fees are permitted, this award is too high. Yes, Your Honor. Okay. If you look at the language of the statute, which says that the prevailing party under F.S.L.A. is entitled to fees, how can you state that no fees are appropriate? Granted, the amount was small, but get a judgment. Your Honor, that's where I think the Hensley decision comes in, and the Hensley decision from the Supreme Court specifically says, although they have never defined it, that there are special circumstances that the Court may consider where, although the statute calls for it and the statute's language is fairly clear, the Hensley Court says there are special circumstances that may arise where, despite the language of the statute, that the Supreme Court of the United States does not believe that fees are appropriate. It would be our position that this is such a case. It's still discretionary. I mean, this first argument of yours just seems so uphill to me. The district court judge doesn't have discretion to give some fees? Your Honor, I don't understand how that's abuse of discretion review. I mean, just hypothetically, he gave a $1,000 fee award. We could reverse that? I think, hypothetically, we would not likely be here with such an award. In that case, maybe the first argument isn't worth spending a lot of time on. Certainly, and I will attempt to be very brief on that issue with the Court because, again, it is abuse of discretion. However, the purpose of the statute itself and the purpose of the fee-shifting statute exists in order to protect an employee, in order to protect an employee from being shortchanged on a very small amount, and that's why we have the fee-shifting provision to ---- Wasn't the employee's fault that this happened? Certainly not. So the employee's got to vindicate this somehow, and $1,000 would be pretty cheap to get, I mean, to have to go to trial to get your $100? Certainly. So, I mean, the first argument, you can keep arguing. You've got 15 minutes. Use the time how you wish. Thank you, Your Honor. The issue is, and where we think there's an abuse of discretion in this factor, is the specific facts and circumstances when viewed in the purpose of the statute. The facts and circumstances here are we do have a clear clerical error, not an intentional act by the employer that was never brought to the employer's attention at any point in time. And while the statute is designed to protect the employer, just as Your Honor indicated, we would suggest that the special circumstances under Hensley are put in place specifically to also have an important check on the parties to make sure that everything goes forward in a good faith basis. You say, though, that there was a clerical error, it's not intentional, and it was never brought to your attention. But is it really the employee's responsibility to bring underpayments to the attention of the employer? I can imagine a circumstance where there is a consistent underpayment in violation of the statute. The employer could, once it's brought to their attention, simply write a check, make it go away. We don't know whether it was intentional or not, but what if it happens over a long period of time and it's not brought, somebody doesn't catch it, then the employee just gets to keep that. And, Your Honor, the first scenario that you raised was the exact allegation brought in the complaint and brought at the time of trial that was specifically rejected by the trial judge. All of the claims were thrown out. It was just this simple one clerical mistake. The plaintiff's testimony and the plaintiff's claim were that every single day that he worked, six days a week for almost two years for my employer, that we shorted him two hours of work every single day. Clearly, that wasn't proven at trial because the award ended up being, what, $58.20 or something like that. Yes, Your Honor. So you don't dispute that. You're not challenging that counsel really did the work. You're just saying that the amount of fees are disproportionate to the amount of the award, and you're saying that he should be required to disaggregate the fees associated with those claims that were not successful. Exactly. First, and I'm going to leave it alone because I have belabored the point a little bit, if there's ever a special circumstance, we believe the facts in this case apply to that special circumstance. But to your point and to your question, absolutely. There is no analysis at all in the opinion as to the fact that counts 2, 3, and 4 were dismissed prior to even being in front of the jury to consider, and that the only claim that was left was a claim that was essentially admitted. I mean, the facts spoke for themselves and, in fact, remedied in excess of the verdict amount prior to the appeal time having run. So this is not an incident where the time and the effort of either side was necessitated had it been brought to the attention. And, again, certainly it is the employer's job to review their books and determine that, and that wasn't. But to suggest that an award of attorney fees and when reviewing the trial judge's analysis in terms of the fees, he does not segregate out. The court did not segregate out. What's your best case on the requirement of segregation or disaggregation, as I termed it? What's your best case on that that says the judge has to do that? Your Honor, the United Slate Tile, et cetera, versus GNM Roofing talks about the need to segregate and the need . . . I thought district courts had authority to say, listen, the way the bill . . . the way this case worked and the way the issues worked, it really would have been very complicated to do that, and that district court judges did have authority to say, no, in this case I'm not going to force disaggregation. But that doesn't mean you still don't have to make a rough judgment that's within the range of reason. I thought that's how it worked. That your real debate is whether a fee award 217 times a de minimis damages award is within the range of reason. I really thought that was the only issue in the case. And, Your Honor, I think that is a significant issue in the case. But I think that the district court . . . the district court does have the ability to make a decision as to whether or not the case mandates a segregation of meritorious . . . But I don't believe that that was even . . . You're right. And this is a good question for Appali, which is where does the judge explain why he's doing what he's doing? So that . . . those two things, I get that point. That was the point that I was going to make is that the opinion is very restrictive in terms of . . . You know, we cannot read the trial judge's mind as to what was going through, other than his opinion . . . You know, it's an excellent opinion on rate. Absolutely. This whole thing has two factors. Rate is one of them. He's got this really long thing on rate, which I'm like, excellent work. Now let's talk about the other part of the multiplication. Your Honor, if I didn't know better, I would think that you were in on a meeting with my client and myself . . . because I had the same thoughts as to the opinion that it . . . that the rate and the analysis of the rate is mindful and thoughtful and well-reasoned . . . but it does not take into account all of these other factors that I think the case law dictates should be taken into account by the trial court . . . that the case law dictates must be taken into account by the trial court when reaching it, because of the disproportionate amount. And, counsel relies on case law that references the Lodestar, which can be used, but is not mandated to be used. And, it's our opinion that again, given the facts and given what we know the trial judge considered, is what was written in the opinion. But, didn't he basically say in the opinion that he was using Lodestar? I mean, he says that he arrives at the fees by multiplying the hours that counsel worked on the case with his hourly billing rate. Yes. And, the point is, I don't think that's mandatory. And, I think given the things that he did not consider, or at least are not evidenced in his consideration by . . . So, he explained that he's using a Lodestar, and he goes through his calculations, which are presumptively, I guess under Lodestar, reasonable. So, why is he required to do more? Our position would be, in terms of the requirement to do more, is that he does need to, under the case law cited in the brief and the one mentioned . . . of all of the claims and the totality of the claims. And, I recognize my time is up. Thank you. All right. Good morning. Members of the panel, my name is Brian Spitz. I am here on behalf of James Dean, the appellee, and I appreciate your time. Let me start off by addressing that first argument, just briefly. Which, by the way, was the only argument raised below. The only argument raised below to the trial court was that there should be no fees awarded, not for a reduction. Therefore, the trial . . . In fact, they argued that they should get fees. So, their only argument was, no, we get fees, they don't get fees. The argument of reduction of fees was not argued below, and not considered by the trial court, by the district court. In your complaint, you allege that the defendant never paid your client overtime. Never. You say that. You also say that the defendant owes your client over $25,000. What evidence did you have that those allegations were correct at the time you filed your complaint? At the time that we filed the complaint, we had documents that were consistent with our client's position as to how they treated other employees. That evidence . . . Oh, that they never paid your client overtime. That's what you say. And, very honestly, that was not proven at trial, and we didn't prove that. And that's not the issue that . . . You certainly didn't prove it, yeah. You're right. I mean, Rule 11 says that you're supposed to have evidence before you make these wild allegations, doesn't it? And we did, except that evidence was excluded. We tried to present it. We submitted it to the court, and we made these arguments in good faith. And, in fact, we prevailed. And the language of . . . Prevailed. I mean, you want to be very cynical about this case. I'd say the lawyer won. I don't think the client won. Well, two things. One, with regard to the USC 216B, it says the court shall, in addition to any judgment . . . It doesn't . . . The statute specifically says any judgment. It doesn't say how much. Secondly, the purpose of the statute is to ensure that a client has . . . that an employee has the opportunity to hire somebody, even if it's a nominal amount. Even if the court says that as a result of getting $100 or $200 or $400, you don't get attorney's fees, then that goes contrary to the statute, and that would allow employers to say, you know what? We cannot pay up to this threshold. We're focused on the . . . not on the argument you get nothing. I think we're focused . . . Right. And, by the way, on your forfeiture point, below it said an award of any significance, they argued, is contrary to equity and spirit of the statute. So, an award of any significance is obviously making the point. So, but I'd like to ask you where . . . I mean, one thing our cases do say is we need something from the district court. I mean, district courts get the discretion they deserve. And the way they earn discretion is by explaining what they did. And then when you get to really tricky issues like, okay, rate. I think that's perfectly fine, the way he analyzed that. But there . . . I see zero on rate times hours. I mean, he's just saying basically all your hours. And I don't understand how that . . . when the outcome is 217 times the award. Well, the . . . It's not an injunction case where you're establishing some principle for other people. This is a ticket for good for one train and one train only. So, where is that analysis? I've got it right in front . . . I've got his opinion in front of me. I don't see it. I believe it follows the North Cross versus Board of Education case from the Sixth Circuit. Where's his analysis? Where does the district court judge tell us why he did what he did given this disparity and what happened? Well, I think that the judge's analysis is the reasonable rate times the amount of hours worked. And in Northcutt . . . I would say from this opinion, he seems to assume he can't lower the number of hours. Because I don't see where he explains why to just accept your hourly numbers. Well, I think that he makes a comment that the amount of hours was reasonable. And I don't know that you have to . . . Where's that? I don't have the page number in front of me. But, again, North Cross versus Board of Education says, quote, from the Sixth Circuit, we conclude that an analytical approach grounded in the number of hours expended in the case will take account all relevant factors and will lead to a reasonable result. And Murphy versus International Union of Operating Engineers Local 18 says, we expressly rejected this checklist approach to fee determination. Instead, the Sixth Circuit held that the district court need only consider the hours of service provided. Moreover, the checklist factor that's being advocated here . . . Just to make sure I'm following. Are you making the point that in this kind of setting, the only debate is rate? District court judges are just supposed to accept the number of hours given by the so-called winning lawyer, and then their work goes on rate? Well, there was no challenge to the number of hours below. No? I just told you. They said an award of any significance. That's right. It's contrary. The whole debate below was, how should you get anything? That obviously encompasses, you shouldn't get 217 times. Well, I don't think, and there's no law in this district or any district that has a multiplier times the amount. In fact, in Fegley versus Higgins, another Sixth Circuit case, it says $40,000 of fees was upheld on nominal damages. What was the principle established in that case? Was it an accounting error? The case you're relying on. First of all, there was no accounting error argued. There was no accounting error argued to the jury. In this case? Not at all. Not until post-verdict. They didn't argue that we didn't know about it. And so you say then, I mean, I guess it's your position that when the judge begins his opinion, and he says that under 29 U.S.C. 216B, plaintiff, as the prevailing party, is entitled to reasonable costs associated with his actions and the defendant is not entitled to any attorney's fees. And so are you saying that that characterization of reasonable tracks through the rest of that opinion when he gets to the fees and the low-star calculation? Yes. Where? Where does he do that? Where does he say, here's why this number of hours is reasonable? Well, I think that, one, going back to your opinion that they raised it. We've cited cases in our brief that a skeletal raising of an argument below does not preserve it for appeal. Merely saying briefly in your brief that this isn't reasonable doesn't give the district court any way to analyze it. Well, actually, if you want to argue the case on the theory that they clearly presented, that no fees were appropriate, that is clearly encompassed by a district court decision that never tells you why this number of hours was reasonable and instead chooses to focus for several pages just on the reasonable rate. That's not math. In this setting, you're supposed to do two numbers before you get equals. Here he did one. I mean, it's just really basic. So if you want to stay there, we'll go there. That's the no award. And, again, I'm not going to stay there. I just wanted to make that point. But exactly on point with this case is Fagley and the Posner decision, and the Posner decision v. The Showroom, Inc., which is 762 F2-1010. It was another Sixth Circuit case. There was a judgment award of $393.20. Very nominal. Was there another principle established? It quite often happens in nominal damages cases that you're establishing some other principle, which that makes a big difference here. It was an FLSA case. It was under a similar circumstance. So there is no distinguishing factors. And they held point blank, the relatively small recovery of the merits should not affect the amount of fees awarded. Say what that fee award was and what's the name of it? It was $393.20, and that was in Posner v. The Showroom. No. And what was the fee award? I don't have the fee award right in front of me, but it was larger than our fee award. I believe, and I don't want to misrepresent it, but it was past $50,000. And particularly in this case, we tried a case, took depositions. I don't know many attorneys who can do that under $25,000. This is in a case that was run up hundreds of thousands of dollars in fees to try a limited case, you know, multiple days in trial. Looks to me like this is a suit over attorney fees. You got, what, $58 in damages? And, look, I believe that we were seeking more than that, and it wasn't brought simply for attorney's fees. And we would have resolved this much earlier. There was no settlement offer. It wasn't our choice to try the case. They had all the documents. One of the unfortunate things about fee litigation is it's satellite litigation that's not related to the underlying merits. And, you know, I don't know. It seems to me on the one hand you have something really strongly in your favor, which is a district court judge inclined to give a serious fee award. On the other hand, you have a judgment that is not really justified and is very high as to most awards, even in the FLSA. And it's kind of funny that you guys can't work this one out. We have a great mediator. You should think about it. And we have, and we tried, and we've been willing to resolve this. Have you tried with our mediator? I'm sorry? Have you tried with our court mediator? Yes. I don't want to know what happened. All right. And the other problem, before I run out of time, I truly want to object, is the tentpole argument of their case is based on Johnson, which is expressly rejected law in the Sixth Circuit. Johnson, which lists the factors which are saying should be considered and which the court is saying shouldn't we consider these factors, was expressly rejected by both the court in North Cross and in Murphy International as being rejected and not the law of the Sixth Circuit. They said as long as the lodestar approach is used, that is it, and the discretion of the trial court cannot be overruled. Moreover, the U.S. Supreme Court. Settlement discussions in this case have been facilitated by a ruling that some fees are appropriate? I think that if, yeah. One, I think if some fees are appropriate, the problem becomes that we're going to go back down to the trial court, and the trial court is going to. I'm asking whether settlement discussions would be facilitated by a ruling from us that some fee award is appropriate. I think so. I think that some fee is appropriate, and I also believe that it would be unfair to Judge Nugent to say that he abused his discretion. I mean, you have a district court judge who's given discretion, and whether the parties settle or not, this is not only about the parties, it's about a district court and his judge and his use of his discretion. And following the laws of the Sixth Circuit, which say that even nominal awards deserve this, having a mandatory fee, not being presented with any argument below specifically that says, hey, you should segregate out these hours or not segregate out these hours, and the Sixth Circuit held in Moore v. Friedman, quote, attorneys' fees should not be reduced by the ratio of successful claims to claims overall. That was also held by the Sixth Circuit in Phelan v. Bell. So you have a trial court judge who is following the law of the Sixth Circuit, awarded it, did an analysis, and I don't think that Judge Nugent abused his discretion. There are a lot of district court cases, I mean, excuse me, a lot of Sixth Circuit cases that say we need an explanation. That's the earn your discretion point. And if the issue becomes he needs to send it down and to reevaluate this and offer an opinion saying that these hours were reasonable, in light of the fact that we tried a case for $26,000 from beginning to end with no settlement offer and no choice, and he issues that opinion, it further perpetuates the problem, which is we're entitled under the statute, as long as this goes on, our attorneys' fees grow, we're the prevailing party, we're entitled to that. I'm not chasing those fees, and I don't want them to go on. If I was chasing fees, I would say to you, yes, send it back down. Let us brief it again. Let us have more arguments on the reasonableness. And then tack on our fees from the appeal, which is automatic, tack on our fees from the rebriefing, tack on the fees from another appeal. If that's the boondoggle for us, if it was just about me wanting to continue this process, I would continue to argue, lengthen it. You just said something I hadn't thought of. So if you win, if this is affirmed, are you going to go back and ask for fees on the appeal? We're automatically entitled to them. We tried to resolve this for ---- So 217 understates it. Yeah. It's automatic. I'd much rather, I don't want to be here. I would much rather have resolved this. But the arguments, as you can see from the beginning, is you're entitled to nothing. That's what they've argued is their first one. Their starting point is we don't have to pay you anything. We were forced to try a case. We're forced to be here on appeal. And this undercuts two important federal ---- But you're not challenging an appeal that $58 was too small. It was a decision by the jury. We do not feel that the judge abused his discretion in any regard. We feel that Judge Nugent made decisions on the admissibility of evidence, and he was entitled to his discretion. May I sum up with one more point? Yeah. You asked about the overriding principles of federal law. And there are two very important principles here that go beyond the verdict. One is the overarching importance of the FLSA, and it does affect multiple people. If you say that the FLSA has this special exemption requirement and create that rule, which is not under the FLSA, all employees will suffer because employers will be able to say, well, there's this special requirement, and we could not pay the employee the last $300 of their paycheck, and they will never be able to see it. The red light's been on for a while. You can sum up, but how about a sentence with one or two clauses and no more than that? And then the last point is that the discretion of a district court is very important to the ongoing process of law. To find that this is wrong, you have to find that Judge Nugent abused his discretion. I don't think it is fair to him to say that we're going to find that you abused your discretion in order to facilitate some result that is outside the statute. Thank you. Thank you. Thank you, Your Honors. I don't believe that this case or any other case is about the fundamental fairness to the jurist who's trying the case, and I have tremendous respect for Judge Nugent. I think he did a very well-reasoned analysis with respect to the hourly rate. I've tried matters in his room before. I've had other matters with him before. It's not about what's fair to Judge Nugent. It's also not what's fair to the attorneys. It's about what do the cases say and what is the case about. This is not a case, and the statute is not designed to enrich attorneys. And the disparity between the award. Is the appeasement hopeless in this case, including if we have a ruling that says some fees are appropriate in this case? Your Honor, I think that that would be extremely helpful. I think the references candidly to the lack of offer, which is not entirely accurate, and the issues as to where we were at with settlement don't necessarily factor into it. But I certainly think that that would, guidance from this court as to some fee but not the entire amount, would facilitate settlement without getting further into what was discussed because you are 100% If we say some fees are appropriate but not the entire amount, then we're actually making a merits decision. And I don't think that's what Judge Sutton said. So if that's your position, what's different now? And also, if you don't have a quarrel with the reasonableness of the hourly rate, and I think I asked you this before, are you challenging counsel's record as to the legitimacy of what they did in bringing the case to and through trial? I think, yes, on some level, Your Honor. I think that the analysis is incomplete when it's only determining whether I should get $100 an hour or $1,000 an hour is part of the story. To the point of the underlying complaint in Judge Norris' and I think Judge Sutton as well's inquiries, there was no evidence presented at trial to support any of counts 2, 3, and 4, and clearly because the judge threw those out before they got to the jury, and clearly the jury felt, I think appropriately so, that there was no evidence of this two extra hours every single day. But he didn't throw those out before it got to trial, did he? He did not, Your Honor, because again, candidly, at that point, I think they're with the high standard of summary judgment. So as a zealous advocate, if they're not thrown out on a motion before trial, counsel has to proceed on all of the claims as if those are going to be viable. You can't just, if you've made those claims, you can't just prepare for trial on one claim if you don't know, I mean, if you have a reasonable belief that all of those are going to be viable. Certainly. But to the extent that there are discussions and negotiations and attempts to resolve any and all of the claims, and when the pretrial matters and the pre-suit matters are throwing everything up against the wall, including numerous things that you clearly do not have evidence of, when you're repeatedly asked, what evidence do you have of claims? But as Judge Doris mentioned before, you've got Rule 11 that the trial judge is fully aware of. If the judge believes that counsel is proceeding frivolously on any claim, and there was no sanction in this case, correct? You know, the problem I have is that all of these claims appear to be interrelated. This is not a situation where the court says, okay, we're going to try on day one, you know, in the first hour, claim one, and then we're going to take evidence as to claim two and on and on. It's not like that. You're presenting evidence, and it may or may not relate to the claims on an ongoing basis. So that's why I think the desegregation that you argue is problematic. And I appreciate the point, Your Honor. I think it's incumbent on, and whether it rises to the level of sanctionable or not, I think it's incumbent on counsel to evaluate their claims and to put forth a good faith claim and to put forth the appropriate effort, skill, education, background, experience to pursue those claims, which are in fact viable, and whether or not they raise to the level of Rule 11 or whether or not they raise to the sort of straight face test is an issue. And I think it's incumbent on us as counsel to not waste the judiciary's time with matters that we go in knowing there's no evidence of, that we go in knowing that we don't have a basis for, and maybe the... Mr. Christie. Yes, Your Honor. I'm flying here. Yes, sir. I'm still confused. Did the two of you meet with our mediator? Your Honor, we did via phone. So we had one session with the two of us on the phone, and then the mediator was excellent in following up with both of us individually, I think. I think I can represent for Mr. Spitz because I know I certainly spoke to him one-on-one following that mediation, and we reached an impasse based on where the parties evaluated appropriateness of fees. Well, you've now heard some of our questions, both of you, and, you know, you can leave it in our hands. And, you know, we have these jobs that require us to make decisions, and often they're at the extremes. And when the parties keep control over things, they get to avoid that. But anyway, we appreciate both of your briefs, your oral arguments today, and Paul Calico is still there, and we're still here. So thanks very much. The case will be submitted, and the clerk may call the next case. Thank you, Your Honors. Thank you for your time. Thank you.